THE JAMES G. SWAN.

(District Court, D. Washington, N. D.   January 26, 1901.)

1. ADMIRALTY—UNLAWFUL SEALING—CONDEMNATION—JUDGMENT—RES JUDICATA—LIENS.

Where a vessel was seized and sold in a proceeding in admiralty for unlawful sealing, and due notice of the proceedings was given by the marshal, the proceedings being in rem, the decree, affirmatively showing that the court adjudicated all matters litigated by all parties appearing, adjudged nonappearing parties in default, and condemned the vessel as forfeited to the United States, was res judicata as against a nonappearing lien claimant for supplies, so as to preclude him from claiming a lien on the proceeds of the sale of the vessel.

2. SAME—LIMITATION OF LIEN—STATE STATUTE—VALIDITY—APPLICATION.

Ballinger's Ann. Codes & St. § 5953, limiting the enforcement of liens on vessels for supplies to three years from the time the cause of action accrued, is not inapplicable in a suit in admiralty in the United States court, on the ground that the state legislature was without power to pass a law limiting the enforcement of liens on vessels in a federal court.

3. SAME.

Where a vessel had been condemned and sold in a suit in admiralty in a federal court, and all nonappearing parties had been adjudged in default, and the time limited for an appeal from the decree had expired,

a nonappearing lien claimant was not thereafter entitled to intervene and claim a lien on the proceeds of the sale.

Tucker & Hyland, for interveners.

E. E. Cushman, Ass't. U. S. Atty., for the United States.

HANFORD, District Judge. The schooner James G. Swan was sold on January 2, 1897, by the marshal, pursuant to a decree of this court in this case. See 77 Fed. 473. Part of the money returned by the marshal being still in the registry of the court, the firm of Sunde & Erland appeared in the case for the first time, September 20, 1900, by a libel of intervention, by which they ask to have the remainder of the proceeds of the sale of the vessel paid to them on account of a lien alleged to have been acquired by them for supplies to outfit the vessel for the voyage which terminated by the seizure. The schooner being a domestic vessel, the lien claimed is a statutory lien, given by a statute of Washington Territory, continued and now in force as a statute of the state of Washington, and incorporated into the general laws of this state as section 5953, Ballinger's Ann. Codes & St. This section contains the following provisions, after the enumeration of the several causes for which liens upon vessels are given: "But such liens only continue in force for the period of three years from the time the cause of action accrued." The United States attorney has filed an answer to the libel of these interveners, controverting its allegations, and also pleading, as an affirmative defense, that the vessel was by the decree and sentence of this court, in the year 1896, condemned as forfeited to the United States, and afterwards sold; and that the interveners having, for a period of more than three years from the time their cause of action accrued, neglected to commence any legal proceedings to establish their lien upon the vessel, or to claim the proceeds of the sale thereof, have by their own laches lost whatever right they may have had; and that the lien, if any ever existed, has by the terms of the statute creating the same, and the lapse of time, become extinguished. The case has been argued and submitted upon exceptions to this affirmative defense in the answer. The record shows that the marshal took the schooner James G. Swan from the seizing officer by virtue of process duly issued by this court, and made the usual return, showing that due notice of seizure and of the pendency of the suit had been given, and the final decree entered in the case shows affirmatively that the court adjudicated all matters litigated by the parties appearing, and also adjudged all parties not appearing to be in default, and condemned the vessel as forfeited to the United States.

The interveners contend that they are not bound by the decree of the court, for the reason that they were not parties to the suit at the time the decree was rendered. But this is a mistake on their part. The proceeding is in rem, and, due notice having been given according to the practice in such cases, they, in common with all others having any interest in the vessel, had time and opportunity to protect their rights, and by the judgment of the court their default was noted, and they are concluded by it. If they had come into court within a reasonable time, and before rights adverse to theirs had become

finally established beyond the power of the court to readjust them, it would be in accordance with the practice of this court to reopen the case, and, if necessary, modify the final decree; but it is too late to make such an application to the court after the time allowed by law for taking an appeal has expired. In behalf of the interveners, it is also contended that the clause in the lien statute which limits the life of a lien upon boats and vessels is void for the reason that the legislature has no power to make any law relating to the bringing of suits or proceedings in the federal court, and, in support of this contention, they cite a decision by Judge Bellinger in the case of The William M. Hoag (D. C.) 69 Fed. 743, in which case a lien given by a statute of Oregon was enforced, although the suit to enforce it was commenced after the time within which such a suit was required to be commenced as provided in another section of the Oregon law; also to the case of Brown v. Jones, Fed. Cas. No. 2,017, and Willard v. Dorr, Fed. Cas. No. 17,679, in both of which cases it was ruled that the general statute of limitations of the state of Massachusetts and the English statutes (21 Jac. I. c. 16, and 4 Anne, c. 16, § 17) did not constitute a bar to those cases, for the reason that those statutes were not intended to be applicable to admiralty cases in United States courts.

The two cases last cited are not in point, because the statutes of Massachusetts and of England relied upon were not applicable to causes cognizable in the admiralty courts of the United States, while in this case there can be no question but what the legislature intended, by the provision quoted, to limit the life of all liens such as the one claimed by the interveners. This court is not required to decide whether the statute is applicable. That is not a debatable question. The question which the court does have to decide is whether the legislature had power to limit the duration of a lien created by its own act. Judge Bellinger's decision held that the statute of Oregon could not control the right of a party to maintain a suit in admiralty in a United States court, and he argued that the Oregon statute does not purport to limit the duration of liens, but simply fixes the time within which an action might be commenced. It is not necessary to discuss the question whether there is such a distinction as the court in that case assumed to exist; for Judge Bellinger did not deny the power of a state legislature to enact such a statute as the Washington statute under consideration in this case, which differs from the Oregon statute as if it had been made expressly to avoid any question as to its applicability to a case such as the one under consideration, on the specific grounds of Judge Bellinger's decision.

For the reasons stated, I am obliged to hold that at the time of the first initiation by the interveners of legal proceedings to enforce their demand against the James G. Swan, or the proceeds from the sale thereof, the decree of this court had become absolute, so that the court had no power to disturb it, and that decree is a bar to the claim of the interveners, and, if it were not so, they would still be precluded by their own laches in suffering the lien given them by the statute to expire by its own limitation. Accordingly, the exceptions to the answer must be overruled.